Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
New York, New York 10038
(212) 964-5100

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**'07 CIV 6870**

-------------------------------------------------------------X CASE NO.:

REENA SHEELA CUNNINGHAM,

          PLAINTIFF

        -against-

SEAN McCLUSKEY, THOMAS BALLARD,
MARY HALPRIN, MANNY PURI, NICHOLAS
RICIGLIANO, JERRY SANSEVERINO,

          DEFENDANTS.
-------------------------------------------------------------X

PLAINTIFF'S COMPLAINT

(Plaintiff Demands a Trial By Jury
Of All Issues Herein)



The plaintiff, by and through her attorney Gary S. Fish, Esq., complains of defendants as follows:

### I. PARTIES AND JURISDICTION

1. On or about November 29, 2005, and at all times relevant herein, the plaintiff resided and resides at 2429 Southern Boulevard, Bronx, New York 10458.

2. On or about November 29, 2005, and at all times relevant herein, on information and belief, the defendants McCluskey, Ballard, Puri, Ricigliano and Sanseverino were and are Deputy United States Marshals with a principal place of business located at 86 Chambers Street, New York, New York, 10007, and each act of wrongdoing hereinafter alleged to have been committed by said defendants was committed within the scope of their agency and/or authority and/or

employment on behalf of United States Marshal Service.

3. On or about November 29, 2005, and at all times relevant herein, on information and belief, defendant Mary Halpin was and is a New York City Police Officer (Detective) who acted at all times hereunder within the scope of the agency and/or authority of defendant United States Marshals McCluskey, Ballard, Puri, Ricigliano and Sanseverino as part of a Regional New York/New Jersey Fugitive Task Force and each act of wrongdoing hereinafter alleged to have been committed by defendant Halpin was allegedly committed within the scope of her agency and/or authority on behalf of the United States Marshal Service.

4. Pursuant to 28 U.S.C. Section 1343(a)(3), the Federal Court herein has original jurisdiction to redress the deprivation of civil rights under color of any State law, statute, ordinance of any right, privilege, or immunity secured by the U.S. Constitution, providing for equal rights of citizens or of all persons within U.S. jurisdiction, and jurisdiction exists herein.

5. Pursuant to 28 U.S.C. Section 1391(b) in a case where jurisdiction is not solely founded on diversity jurisdiction, such as the present case, venue is proper where the defendant resides or a judicial district where a substantial part of the events giving rise to the claim occurred, and venue is proper therefor in the United States District Court, Southern District of New York.

COUNT I
(VIOLATION OF 42 U.S.C. SECTION 1983)

6. On or about November 29, 2005, at approximately 5:30 AM, the defendants without probable cause and without a warrant, burst through the front door at the premises of 2429 Southern Boulevard, Bronx, New York, where the plaintiff then resided, and confiscated the plaintiff's personal property, including but not limited to jewelry, Passport, clothing, and immigration documents.

7. The unlawful seizure and unlawful search, and/or conversion of the personal property of the plaintiff, an Indian- American, was wrongful, intentional, without justification and/or without probable cause, was part of a substantial and continuous pattern of wrongdoing and stereotypical racial profiling and discrimination by the defendants against Indian-Americans, and plaintiff Reena Sheela Cunningham was thereby denied equal rights, protection, privileges and immunities protected under law pursuant to 42 U.S.C. Section 1983.

8. The violation of plaintiff's rights secured under 42 U.S.C. Section 1983, was malicious, oppressive, egregious and opprobrious, was calculated to and did result in the loss of plaintiff's property rights, and defendants, and each of them, are liable for punitive and exemplary damages as a result thereof.

9. As a direct result of defendants' violations of plaintiff Reena Sheela Cunningham's rights, privileges and immunities secured under 42 U.S.C. Section 1983, the plaintiff was caused to incur and will incur reasonable attorney fees and costs.

10. At all times hereunder, the plaintiff (then claimant) filed a timely and proper Notice of Claim under the Federal Tort Claims Act, which was acknowledged by the U.S. Department of Justice on August 16, 2006, attached hereto.

11. The above said agency failed to make a final disposition of the claim herein within six (6) months after it was filed, and thereafter said claim was deemed a final denial of the claim under 28 U.S.C. Section 2675.

12. The subject action is hereby commenced within six (6) months after the final denial of claim on or about February 15, 2007, pursuant to 28 U.S.C. Section 2401, and plaintiff has fulfilled any and all conditions precedent to bringing the subject lawsuit herein.

WHEREFORE, plaintiff prays for relief as follows:

AS AND FOR EACH OF THE FIRST AND SECOND COUNTS:

1. For damages in the amount of One Million Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00);

2. For reasonable attorney fees and costs;

3. For pre-judgment interest at the maximum prevailing rate, from November 29, 2005, up to and including the present;

4. For disbursements; and

5. For any other just relief deemed proper by the Court.

DATED: NEW YORK, NEW YORK
JULY 31, 2007

Respectfully submitted,

Gary S. Fish, Esq. (GSF 6551)
Attorney for the Plaintiff
15 Maiden Lane, Suite 1108
NY, NY 10038; (212) 964-5100



U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

---

Washington, DC 20530-1000

**AUG 1 6 2006**

Gary S. Fish, Esq.
15 Maiden Lane, Suite 1108
New York, NY 10038

**Re: Administrative Tort Claim o/b/o Reena Sheela Cunningham**

Dear Mr. Fish:

    This acknowledges receipt of the administrative tort claim you filed with the United States Marshals Service (USMS) on behalf of Reena Sheela Cunningham, in the amount of $1,500,000.00. The claim allegedly arises from a November 29, 2005 incident involving USMS employees, during which your client's residence in Bronx, New York, was entered and her personal property, including clothing and immigration documents, were confiscated.

    The applicable provisions of the Federal Tort Claims Act [28 U.S.C. §§ 1346(b), 2401(b), 2671, et seq.] provide for the payment of claims which arise from the negligent or wrongful acts or omissions of an employee of the Federal Government while acting within the scope of his or her employment.

    Please be advised that the Federal Tort Claims Act affords the Government six months from the date a completed tort claim is received by this agency to administratively adjudicate the claim before a claimant can institute a civil action [28 U.S.C. § 2675(a)]. In order to complete your claim, we require the following pursuant to 28 C.F.R. §§14.2(a), 14.4:

    1. An itemized listing of all personal property and documents purportedly confiscated and the substantiated monetary value of each item.

    2. Proof of USMS involvement in the incident.

    3. Evidence of your authority to present a claim on behalf of your client (i.e., a copy of the retainer agreement, etc.).

Please be advised that there is no provision for attorney fees to be separately awarded under the FTCA. See, e.g., 28 U.S.C. §2412(a)(1). Attorney fees deducted from the amount awarded to your client are limited to no more than 20% of the amount of an administrative settlement or no more than 25% of a judgment or a settlement of suit in litigation. See 28 U.S.C. §2678.

Please send all of the above requested required information and available documentation, to:

>Office of General Counsel
>Suite 1200, Building CS-3
>U.S. Marshals Service Headquarters
>Washington, D.C. 20530-1000

If you are returning the voucher using a common carrier (e.g., FedEx, UPS, Airborne, etc.), then please send it instead to:

>John A. Patterson
>Office of General Counsel
>U.S. Marshals Service
>Landover Operations Center
>3601 Pennsy Drive
>Landover, MD 20785

In the meantime, please advise us if you change addresses. Thank you for your cooperation.

Sincerely,

**Gerald M. Auerbach**
General Counsel

By: *[signature]*

Cynthia A. Castañeda
Paralegal Specialist