MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants Sean McCluskey,
Thomas Ballard, Mary Halpin, Manny Puri,
Nicholas Ricigliano and Jerry Sanseverino
By:  PETER M. SKINNER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2601
Facsimile:  (212) 637-2730
Email:  Peter.Skinner@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
REENA SHEELA CUNNINGHAM,

           Plaintiff,

           v.

SEAN MCCLUSKEY, THOMAS BALLARD,
MARY HALPRIN, MANNY PURI, NICHOLAS
RICIGLIANO AND JERRY SANSEVERINO,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 07 Civ. 6870 (GEL)

**ANSWER**

       Defendants Sean McCluskey, Thomas Ballard, Mary Halpin, Manny Puri, Nicholas Ricigliano and Jerry Sanseverino (collectively, "Defendants"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answer Plaintiff Reena Sheela Cunningham's amended complaint on information and belief as follows:

       1.    Deny knowledge or information sufficient to confirm or deny the truth of the allegations in paragraph 1 of the amended complaint.

       2.    Deny the allegations in paragraph 2 of the amended complaint, except admit that at the time of the incidents alleged in the amended complaint, Defendants McCluskey, Ballard, Puri, Ricigliano and Sanseverino were Deputy United States Marshals.

3. Deny the allegations in paragraph 3 of the amended complaint, except admit that at the time of the incidents alleged in the amended complaint, Defendant Halpin was a Detective in the New York City Police Department who was working as part of the New York/New Jersey Regional Fugitives Task Force and that in connection with her task force duties, Detective Halpin was deputized under 28 C.F.R. § 0.112 as a Special Deputy United States Marshal in November 2003.

4. Paragraph 4 of the amended complaint sets forth legal conclusions to which no response is required.

5. Paragraph 5 of the amended complaint sets forth legal conclusions to which no response is required.

6. Deny the allegations in paragraph 6 of the amended complaint, except admit that Defendants entered a residence located at 2429 Southern Boulevard, Bronx, New York, in the early morning on November 29, 2005, and deny knowledge of information sufficient to confirm or deny the truth of the allegation that Plaintiff resided at 2429 Southern Boulevard, Bronx, New York.

7. Deny the allegations in paragraph 7 of the amended complaint.

8. Deny the allegations in paragraph 8 of the amended complaint.

9. Deny the allegations in paragraph 9 of the amended complaint.

10. Deny knowledge of information sufficient to confirm or deny the truth of the allegations in paragraph 10 of the amended complaint.

11. Deny knowledge of information sufficient to confirm or deny the truth of the allegations in paragraph 11 of the amended complaint.

12. Deny knowledge of information sufficient to confirm or deny the truth of the allegations in paragraph 12 of the amended complaint, except admit that Plaintiff's original complaint was filed on July 31, 2007.

The remainder of Plaintiff's amended complaint states Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the requested relief.

## **DEFENSES**

1. The amended complaint fails to state a claim upon which relief may be granted.

2. Defendants are immune from suit. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known").

3. Any injuries or damages incurred by Plaintiff were incurred without any negligence or fault or want of due care by Defendants; Defendants violated no duty of care in regard to this matter.

4. The injuries and damages alleged in the amended complaint were not proximately caused by any negligent or wrongful act or omission of the Defendants.

5. Any injuries or damages sustained by Plaintiff were due in whole or in part to Plaintiff's negligence or acts or to the negligence or acts of others, known or unknown, over whom Defendants exercised no control.

6. Defendants are not liable for compensatory or punitive damages.

7. Plaintiff may not recover costs or attorneys' fees in excess of those permitted by 28 U.S.C. § 2412.

8. Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. C.P.L.R. § 4545(c).

9. Defendants are not proper defendants for any claims Plaintiff seeks to raise under the Federal Tort Claims Act. See 28 U.S.C. §2679(b)(1)

WHEREFORE, Defendants Sean McCluskey, Thomas Ballard, Mary Halpin, Manny Puri, Nicholas Ricigliano and Jerry Sanseverino demand judgment dismissing Plaintiff's amended complaint and granting such further relief as the Court deems just and proper, including costs and disbursements.

Dated:   New York, New York
         March 28, 2008

                                          MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants Sean McCluskey,
Thomas Ballard, Mary Halpin, Manny Puri,
Nicholas Ricigliano and Jerry Sanseverino

S/
By: PETER M. SKINNER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2601
Facsimile: (212) 637-2730
Email: Peter.Skinner@usdoj.gov

TO:   Gary S. Fish, Esq.
      15 Maiden Lane, Suite 1108
      New York, New York 10038
      Attorney for Plaintiff Reena Sheela Cunningham